**Doudou KANE, Petitioner,**

**v.**

552

Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.

No. 08–4201–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Matthew J. Harris (Eric A. Wuestman, on the brief), Brooklyn, N.Y., for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Doudou Kane, purportedly a native and citizen of Mauritania, petitions this Court for review of a July 28, 2008 order of the BIA affirming a May 26, 2005 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Doudou Kane,* No. A079 577 180 (B.I.A. July 28, 2008), *aff'g* No. A079 577 180 (Immig. Ct. N.Y. City May 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination. In order to establish his Mauritanian identity and nationality, a threshold element of his claim, *see Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006), petitioner submitted a document purporting to be a duplicate filing receipt of a request for a Refugee Identity Card. Using microscopic, instrumental, and comparative examinations, a Forensic Document Examiner at the Forensic Document Laboratory of the U.S. Department of Homeland Security, determined that the document was "counterfeit." She provided the following bases for that conclusion: (1) "the border and printed images contain toner, which is not the production method for these types of documents," (2) the "style of lettering, layout of text and border design does not conform to comparable genuine Refugie Identity cards on file," and (3) "the card contains misspelled words."

The submission of a fraudulent identification document in support of an asylum application can alone constitute substantial evidence in support of an adverse credibility determination. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006); *see also Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) ("[A] finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner."); *Matter of O–D–,* 21 I. & N. Dec. 1079, 1082–84 (BIA 1998) (holding that the presentation by an asylum applicant of an identification document that is found to be counterfeit by forensic experts not only discredits the applicant's claim as to the critical elements of identity and nationality, but, in the absence of an explanation or rebuttal, also indicates an overall lack of credibility regarding the entire claim).

Petitioner challenges the IJ's reliance on the forensic examiner's determination that his identification document was fraudulent, asserting that on its face the forensic report "makes no distinction between an original card issued in 1989 and a duplicate, replacement card issued 13 years later," and does not state that the document he submitted "was compared to other duplicates" rather than originals.[2] The Government responds that the forensic report indicates that the document petitioner submitted was not similar to "these types" of "comparable genuine" documents.

Regardless, even if petitioner's arguments are plausible, we cannot find that the IJ erred by crediting the conclusion reached by the forensic examiner. *See Siewe,* 480 F.3d at 168 ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

Because the IJ reasonably relied on the forensic report, the IJ's adverse credibility determination was supported by substantial evidence. *See Borovikova,* 435 F.3d at 157–58; *see also Siewe,* 480 F.3d at 169–70. Accordingly, the IJ reasonably denied Kane's application for asylum, withholding of removal, and CAT relief where his claims were each based on the same factual predicate.[3] *See Paul v. Gonzales,* 444

---

**2.** Kane does not challenge the forensic examiner's determination that the document was counterfeit on the basis that it contained misspelled words. The fact that the document was a duplicate would have no bearing on that finding. Additionally, while Kane asserts that he was not afforded the opportunity to cross-examine the forensic examiner, he never made that argument before the BIA, and we therefore decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

**3.** Kane does not challenge the BIA's denial of his motion to remand.

F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.